**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MCCANN ASSOCIATES HOLDING, LL , | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:21-mc-00048-JMG |
| | : | |
| WILL SUMMERS, : | | |
| Defendant. | : | |

## <u>ORDER</u>

**AND NOW,** this 21st day of July, 2021, upon consideration of Plaintiff McCann Associates

Holding, LLC's motion to quash (ECF No. 1) and Defendant Will Summers's response in

opposition (ECF No. 2), it is hereby **ORDERED** that the motion (ECF No. 1) is **DENIED as**

**untimely.**[1]

---

[1] McCann Associates Holding LLC ("McCann") has moved to quash a subpoena issued by Will Summers ("Summers") in an action currently pending in the Western District of North Carolina. Summers responded urging that the motion should be denied on a variety of grounds, including timeliness. This Court agrees.

A subpoena may be quashed on a *timely* motion. FED. R. CIV. P. 45(c)(3)(A); *see also City of St. Petersburg v. Total Containment, Inc.*, No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (Stengel, J.). Although Rule 45 does not define "timely" in this context, many courts have held that it means "within the specified compliance period, so long as that period is of reasonable duration." *Total Containment*, 2008 WL 1995298, at *2. Fourteen days from when the subpoena was served has been found "presumptively reasonable," but courts have also found shorter periods reasonable. *In re Keebaugh*, No. 19-mc-00163, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (Savage, J.) (finding a thirteen day period reasonable); *see also Total Containment*, 2008 WL 1995298, at *2 (finding a twelve day period reasonable).

Here, McCann received the subpoena on June 18, 2021. ECF No. 1, at 1. The subpoena demanded compliance by June 28, 2021. *Id.* at 9. Yet McCann did not file its motion until four days later on July 2, 2021. McCann has not suggested, and this Court declines to find, that the compliance period was unreasonable. *Cf. Roadrunner Intermodal Services, LLC v. T.G.S. Transportation, Inc.*, No. 17-1056, 2017 WL 4844381, at *3 (E.D. Cal. Oct. 26, 2017) ("Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory." (quoting *Bonzani v. Shinseki*, No. 11-0007, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014)). As such, McCann's motion is untimely.

Nevertheless, there are circumstances that have been found to excuse untimely motions, such as good cause, the invocation of a privilege, and attempts amongst the parties to resolve the dispute. *In re Keebaugh*, 2019 WL 5802703, at *3. McCann, in its motion, does argue that the requested documents are confidential proprietary information. ECF No. 1, at 3–4. But there is a protective order in the underlying litigation that protects the confidentiality of documents produced by nonparties, *see* ECF No. 2-13, and McCann has not explained why that protective order is insufficient. *See Med. Tech., Inc. v. Breg, Inc.*, No. 10-100, 2010 WL 3734719, at *5 (E.D. Pa. Sept. 21, 2010) (Perkin, J.) (denying motion to quash on basis of request for highly confidential information because movant

It is **FURTHER ORDERED** that McCann Associates Holding, LLC, produce the documents requested in the Subpoenaing Parties' Second Subpoena *duces tecum* (ECF No. 1, at 9–12) **no later than August 2, 2021**.

The Clerk of Court shall mark this case **CLOSED** for all purposes including statistics.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

did "not explain why the Protective Order entered in the [underlying] litigation insufficiently protects its interests"). In fact, McCann has apparently already produced similar documents in the underlying litigation, recognizing the protection of the confidentiality order. *See* ECF No. 1, at 2. And to the extent McCann finds that protective order insufficient for the present record request, it may pursue a separate agreement to protect the records. No other circumstances are apparent from the record that would justify the Court overlooking the motion's untimeliness. As such, McCann's motion is denied.